**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X    Case No. 17-40254 (NHL)
In Re:
        **Marium Nasser**
                      **Debtor**
-------------------------------------------------------------X
**Marium Nasser,**

                **Plaintiff,**                        **Adv. Case No.:**
**v.**
**U.S. Bank National Association,**
**JP Morgan Chase Bank, N.A.**
**Chase Home Finance, LLC**

                **Defendants.**
-------------------------------------------------------------X   *Trial by Jury Demanded*

## Complaint

Marium Nasser, through the undersigned counsel, complaining of the defendants alleges as follows:

**Preliminary Statement:**

    1.    This case involves loan servicer abuse resulting in the wrongful foreclosure of Plaintiff's home. Plaintiff was discouraged from making her monthly payments pending approval of a loan modification. Plaintiff and the defendant had an agreement. The plaintiff fulfilled her part of the contract. However, the defendant breached and failed to act on the loan modification after substantial performance by the plaintiff. When the plaintiff contacted the defendant, Chase, she was told that the investors did not approve of the loan modification. No further information was provided as to the identity of the investors, the reasoning of such investors and the process used to garner such approval or disapproval. Instead, while simultaneously reassuring Plaintiff that her modification was being processed, Defendant had been processing Plaintiff's papers for setting a foreclosure action. The loan and its processing had been saddled with preposterous fees, demands for

1

unwarranted escrow advances, service abuses like misapplication of payments, miscalculation of amounts due, and improper use of suspense accounts.

## PARTIES

2. Marium Nasser, the "debtor" here is a natural person and owner of the house located 40-45 72nd Street, Woodside, NY 11377.

3. U.S. Bank National Association, ("US Bank") is alleged to be a Trustee for Banc of America Funding Corporation, 2006-6 Trust Mortgage Pass-Through Certificates Series 2006-6 claiming to the debtor's Note and Mortgage holder maintaining an office at 3415 Vision Drive-, Columbus, OH. US Bank claims to be the transferee of the Note and Mortgage from Chase Home Finance, LLC at some point after the origination of the subject loan.

5. Chase Home Finance LLC was a New Jersey headquartered company engaged in originating and servicing residential mortgage loans. It offered mortgage, home equity, and manufactured housing loans, Around May 1, 2011, Chase Home Finance LLC merged with JP Morgan Chase Bank National Association (Collectively referred as "Chase"). Upon information and belief Chase is the servicer of this loan and was involved with the time period for and when the subject matter causes of action arose.

## STATEMENT OF FACTS

6. Around early part of 2006, the plaintiff and her husband were looking to refinance their home mortgage as the loan had an adjustable rate feature. They found one mortgage broker, Funding Plus Corp., located at 1353, 51st Street, Brooklyn who facilitated the new loan with Chase. The plaintiff did not have any job or assets then and even now for such a loan. However, the Funding Plus as a mortgage broker for Chase approved her for the refinancing.

7.      On April 3, 2006, the plaintiff for refinancing of her home, executed and delivered to JPMorgan Chase Bank, National Association a Note ("the Note") dated April 3, 2006, whereby she promised to pay JPMorgan Chase Bank, National Association the principal sum of $560,000.00. Also executed was a mortgage between the parties. The Note and its terms applied with the same force upon Chase, the servicer.

8.      The plaintiff was told that her payment would not exceed $3998.83 for life of the loan. However, this "life of the loan" was short lived.  June, 2007 saw a jump from the said $3990.83 to $4023.90. The plaintiff husband called the bank and he was told that it was the escrow amount. This escrow kept climbing. By November 2008, it climbed to $4782. Unbeknownst to the plaintiff, the servicer kept misapplying or not applying the loans properly to retire the debt. Escrow became the excuse for abuses of the servicer. Becoming tired and helpless with the excessive demands, the plaintiff's husband approached the bank for the loan modification.

9.      The servicer and the plaintiff entered into an contract for repayment of the loan. Pursuant to the agreement and as a part of the agreement, Chase provided the plaintiff, a Trial Period Plan or "TPP" as a part of  HAMP (Home Affordable Mortgage Program). The principal contractual language of the TPP provides: "If you qualify under the federal government's Home Affordable Modification [P]rogram and comply with the terms of the [TPP], we will modify your mortgage loan and you can avoid foreclosure"; and "If you make all  trial period payments on time and comply with all of the applicable [HAMP] guidelines, you will have qualified for a final modification" (this latter quote is from the TPP confirming letter Chase sent plaintiff in December 04, 2009). Chase offered the plaintiff modification by which she was supposed to make a payment of $2170 a month started January 2010.  She was told that she qualified for the modified loan. The

plaintiff fulfilled her part of the contract, constituting a valid, binding contract entitling her to a permanent loan modification under HAMP.

10. She made the payments though Western Union until June of 2011. Pursuant to these payments, the defendant Chase issued a yearend Mortgage Interest Statement, Form1098, reflecting interest received from the plaintiff as $15,247.44. After taking the payments for said period, the defendant Chase stopped taking any additional payments. Also, whenever payments were being sent after June, 2011, Chase, upon information and belief, instead of sending the payments back to the plaintiff, returned it to Western Union, thus causing additional loss. The loan modification payments were not applied to reduce the debt but were misapplied contrary to the note provisions.

10. Frantically the husband of the debtor-plaintiff, on her behalf, approached Chase for reasons for not accepting payments, he was not told any reason. However, he was advised to keep applying again for loan modification. However, while the debtor was kept on the so-called home loan modification program, the defendants were already preparing their foreclosure. Finally, when the servicer started the foreclosure proceeding in the state court, did servicer tell the plaintiff's husband that the investors had not agreed to the said agreement between the plaintiff and the servicer.

## COUNT I - BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

11. Plaintiff incorporates the preceding paragraphs by reference.

**12.** Defendants have a duty of good faith and fair dealing implied in every contract that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the benefit of their contract.

13. Defendants breached their duty by:

    (a) breaching the contract of loan modification;

  (b)  discouraging Plaintiff from providing payments for her account;

  (c)  assuring Plaintiff that Chase was working out a loan modification for her;

  (d)  failing to provide a loan modification for Plaintiff, despite reassurances, and instead scheduling and effecting the foreclosure of Plaintiff's home;

  (e)  instead of applying the payments to the loan reduction, kept applying them to their own fees and other expenses while letting the debt balloon up only to serve their purpose and increase the burden on the plaintiff unconscionably;

  (e)  undertaking actions to foreclose Plaintiff from her home without providing her with an opportunity to prevent the improper foreclosure, thereby rendering her and her family homeless; and Defendants' breach of their duty of good faith was intentional, wanton and/or reckless.

14. Defendants' breach of their duty of good faith was intentional, wanton and/or reckless.

15. Plaintiff was damaged as a proximate result of Defendants' breach of their duty of good faith and fair dealing.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

  (a)  Appropriate equitable relief;

  (b)  The Court enjoin Defendants from taking possession or scheduling foreclosure of Plaintiff's home;

  (c)  The Court declare that the Defendants breached their duty of good faith as alleged;

  (d)  Actual and punitive damages;

  (e)  Reasonable attorney's fees and the costs of this litigation; and

  (f)  Such other relief as the Court deems equitable and just.

## COUNT II – FRAUD

16. Plaintiff incorporates the preceding paragraphs by reference.

17. Defendants represented to Plaintiff on multiple occasions that Defendant Chase was working to provide her with a loan modification, that she need not worry while the loan modification was being processed, and that her house was not being foreclosed upon while the loan modification was being processed. And that she has qualified for the loan modification. Defendants' representations were false.

18. Defendants knew that Plaintiff's unpaid principal balance was significantly less than the value of her home.

19. Defendant kept taking the trial modification period monies and also issued the year end form 1098. Defendants had told her that she qualified for the loan modification.

20. Defendants' misrepresentations to Plaintiff were knowing, reckless, and/or intentionally.

21. Defendants' misrepresentations were material.

22. Plaintiff relied on Defendants' misrepresentations that her loan was approved thus, she kept sending the same amount of money as given in the trial period. In reality the defendants had maintained a different course of action regarding this property, they had accelerated the entire loan.

23. Defendants intentionally commenced a foreclosure proceeding on Plaintiff's property despite reassurances that this would not occur during the loan modification process, thereby inflicting significant damages.

24. Plaintiff's reliance on Defendants' misrepresentations were thus to her detriment.

**WHEREFORE,** Plaintiff respectfully requests the following relief:

    (a)    Appropriate equitable relief;

    (b)    Actual and punitive damages;

    (c)    Reasonable attorney's fees and the cost of this litigation; and

    (d)    Such other relief the Court deems equitable and just.

### COUNT III - NEGLIGENT MISREPRESENTATION

25. Plaintiff incorporates the preceding paragraphs by reference.

26. Under the circumstances alleged, Defendant owed a duty to Plaintiff to provide her with accurate information about the status of her loan account.

27. Defendants represented to Plaintiff on multiple occasions that Defendant Chase was working to provide her with a loan modification, that she need not worry while the loan modification was being processed, and that her house was not being foreclosed upon while the loan modification was being processed.

28. Defendants' representations were false.

29. Defendants' misrepresentations to Plaintiff were negligent.

30. Defendants' misrepresentations were material.

31. Plaintiff relied on Defendants' misrepresentations and she kept sending her payments of trial period as instructed by Defendant.

32. Defendants intentionally did not modify the loan, did not apply the payments to the reduction of the loan, did not return the monies back to the plaintiff and commenced a foreclosure process despite reassurances that this would not occur during the loan modification process, and after if the plaintiff complies with the loan modification terms, thus inflicting significant emotional and financial damages.

33. Plaintiff's reliance on Defendants' misrepresentations was thus to her detriment.

**WHEREFORE,** Plaintiff respectfully requests the following relief:

    (a)    Appropriate equitable relief;

    (b)    Actual damages;

    (c)    Reasonable attorney's fees and the cost of this litigation; and

    (d)    Such other relief the Court deems equitable and just.

### COUNT IV – ESTOPPEL

34. Plaintiff incorporates the preceding paragraphs by reference.

35. Defendants' agents represented to Plaintiff that Defendant would modify Plaintiff's loan and that she should not pay the entire original amount on her loan pending the modification.

36. Defendants' agents represented to Plaintiff that her home was not being referred for foreclosure.

37. In reliance on Defendants' representations, Plaintiff made the trial period payment and on the agreed terms.

38. Plaintiff had a reasonable expectation that Defendants would provide her with a loan

modification and not foreclose on her home, as promised. Also, she did not look for other means of refinancing her property as her loan was being modified by the defendants.

39. Plaintiff was injured by her reliance on Defendants' representations.

**WHEREFORE,** Plaintiff respectfully requests the following relief:

(a) Appropriate equitable relief;
(b) Such other relief as the Court deems equitable and just.

## COUNT V. BREACH OF CONTRACT

40. Plaintiff incorporates the preceding paragraphs by reference.

41. Around December 4, 2009, the defendants provided the plaintiff, with a TPP that sets forth the trial payment terms the lender has calculated using the waterfall method. The defendants instructs the borrower to sign and return the TPP, a financial hardship affidavit, and income verification documents.  The defendant requested the first trial payment.

42. The defendant signed the TPP, financial hardship affidavit and sends income verification etc. paperwork to the defendant along with the all the payments as asked for in the trial time modification period. She fulfilled all the requirements of the contract.

43. Despite all conditions having been fulfilled, the defendant in actuality did not perform as promised under the contract, rather commenced a foreclosure action.

44. The plaintiff was substantially injured financially and emotional by the breach of this contract by the defendants**.**

**WHEREFORE,** Plaintiff respectfully requests the following relief:

(a) specific performance of contract;
(b) alternative to specific performance, money damages in the amount assessed in the trial for actual, compensatory, and expectation damages.

## COUNT VI--VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

45. The allegations of paragraphs 1-44 above are realleged and incorporated herein by reference.

46. Defendant Chase violated the FDCPA, 15 U.S.C. § 1692f, by using unfair and unconscionable means to collect the debt owed by the Plaintiff, including the collecting and attempting to collect of interest and other charges, fees and expenses not authorized by the original Loan and Modification Agreement, or otherwise legally chargeable to the Plaintiff, as more fully set forth above.

47. Defendant Chase violated the FDCPA, 15 U.S.C. § 1692f, by using unfair and unconscionable means to collect the debt owed by the Plaintiff, including the collecting and attempting to collect of interest and other charges, fees and expenses not authorized by the modified loan as per the terms of the contract dated December 4, 2009, or otherwise legally chargeable to the Plaintiff, as more fully set forth above.

48. Defendants violated the FDCPA, 15 U.S.C. § 1692e(2), by misrepresenting the character, amount and legal status of the Plaintiff's debt in the New York State Court proceedings as well as in this bankruptcy court.

49. Defendants violated the FDCPA, 15 U.S.C. §§ 1692e(5) and 1692f(6), by threatening to foreclose on the Plaintiff's home even though Defendant Chase has no present right to possession of the property under its security agreement and or the modified loan terms, and by threatening to take other action prohibited by law.

50. Defendants violated the FDCPA, 15 U.S.C. § 1692g(a)(1), by failing to accurately and fully state in communications to the Plaintiff "the amount of the debt."

**WHEREFORE,** the Plaintiff respectfully requests that this Court:

(a) Declare that the Defendants are in breach of the original Loan and or Modification Agreement and that Plaintiff is current and not in default on the terms of the original Loan and or Modification Agreement;

(b) Award actual and compensatory damages, including those for mental anguish, in an amount to be determined at trial;

(c) Award punitive or exemplary damages in an amount to be determined at trial; and

(d) Award Plaintiff reasonable attorney's fees and litigation expenses, plus costs of suit, pursuant to 12 U.S.C. § 2605(f) and 15 U.S.C. § 1692k(3).

## COUNT VII—BREACH OF FIDUCIARY DUTY

51. The Plaintiff incorporates herein by reference each and every response and allegation in the preceding Paragraphs as if the same were hereby set forth.

52. The plaintiff entered into a mortgage and note with the defendant Chase as servicer now.

53. The defendant Chase at all times relevant hereto agreed to act as escrow holder and depository with respect to the monies paid by the plaintiff pursuant to the agreement.

54. As escrow agent and depository, defendant was the agent for plaintiff and owed a fiduciary duty to her.

55. Defendants' overcharging of and misadministration of the escrow account constituted breaches of defendant's fiduciary duty to the Plaintiff.

56. As a result of defendant's breaches of its fiduciary duties to the plaintiff, Plaintiff has suffered and continues to suffer financial harm including but not limited to:

   a. Increased interest expenses on his mortgage;
   b. Improperly charged late fees on his mortgage;

    c. Interest on the property tax payments;

    d. Damage to his credit report and credit score; and

    e. Attorney's fees and costs associated with attempting to correct this dispute.

**WHEREFORE,** Defendant respectfully requests that this Court enter judgment for plaintiff and against defendant for the following:

    (a) Award actual damages;

    (b). Award punitive damages;

    (c). Award costs and attorney's fees; and

    (d). Grant such other relief as the Court may deem just and proper.

## COUNT IX—NEGLIGENT LENDING

57. Plaintiff incorporates the preceding paragraphs by reference.

58. The plaintiff is a housewife. She does not work and has never worked. She is completely dependent on her husband for living. She could not have been burdened with this loan, debt servicing.

59. The defendants duty to use reasonable care when dealing with the plaintiff during the mortgage transaction and they breached this duty by failing to:

    a. Inform the plaintiff of the nature and terms of these transactions;

    b. Arrange for and obtain a mortgage loan that plaintiff could afford based on their income;

    c. Reasonably investigate Plaintiff's financial circumstances;

    d. Deny the application for credit when it is unsupported by insufficient income;

    e. Offer more than one finance package or an alternative finance vehicle for which they were qualified. And

    f. Comply with all state and federal laws.

60. Defendant Chase had a tort duty requiring the exercise of due care in, among other things, collecting, processing and adequately verifying loan information and/or underwriting criteria so as to avoid the making of loans sufficiently foreseeable to result in financial injury. It failed in its duty.

61.     Defendant induced Plaintiff to enter into the mortgage transaction which culminated in the present foreclosure.

62.    It was foreseeable that the plaintiff would be unable to make the monthly payments on this loan with its complexities.

63.    The Plaintiff has suffered serious injury as the proximate result of the negligence committed by the defendant.

**WHEREFORE**, the Plaintiff seek a judgment against defendants as follows:

      a. Actual damages;

      b. Termination of the security interest created in the residence;

      c. Return of any proceeds given, billed or paid Chase;

      d. Attorney's fees and Costs; and

      e. Granting such other relief as the court deems just and equitable.

      F.  Grant other such relief as the Court may deem just and proper.

## COUNT X--NEW YORK CONSUMER FRAUD AND DECEPTIVE PRACTICES ACT

64.    Plaintiff incorporates the preceding paragraphs by reference.

65.    New York General Business Law Section 349 ("GBL § 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . ."

66.    The conduct of Defendant alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff seek monetary damages and the entry of preliminary and permanent injunctive relief against Defendant, enjoining it from inaccurately claiming or marketing fraudulent promises regarding loan modification and then only to deny them to collect on those loans.

67.    There is no adequate remedy at law.

68. Defendant misleadingly, inaccurately, and deceptively presents loan modifications programs etc.

69. Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff has been damaged thereby.

70. As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff are entitled to monetary, compensatory, treble and punitive damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

**WHEREFORE**, the Plaintiff seek a judgment against defendants as follows:

    a. Monetary, compensatory, treble and punitive damages

    b. injunctive relief against deception practices of the defendants.

    c. Return of any proceeds given, billed or paid Chase;

    d. Attorney's fees and Costs; and

    e. Granting such other relief as the court deems just and equitable.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated: New York NY
December 12, 2017

                                                          Dahiya Law Offices, LLC
                                                             Counsel for the Plaintiff

                                                                    By: *s/karamvirdahiya*
                                                                         Karamvir Dahiya
                                                           75 Maiden Lane Suite 506
                                                                 New York NY 10038
                                                                        Tel: 212 766 8000
                                                                        Fax: 212 766 8001